On appellant's motion for relief from default and petition for reconsideration filed May 4, motion for relief from default granted; reconsideration allowed; former disposition (204 Or App 521, 131 P3d 197) withdrawn; reversed July 26, 2006

AMIT KISHORE,
*Respondent,*

*v.*

STATE OF OREGON,
*Appellant.*

C041925CV; A126302

139 P3d 1047

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge, Collateral Remedies and Capital Appeals Unit, for petition.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

The state seeks reconsideration of our opinion, in which we affirmed the decision of the post-conviction court vacating petitioner's conviction for third-degree rape on the ground that petitioner's trial counsel provided constitutionally inadequate assistance by failing to advise petitioner, who is not a United States citizen, that, if he pleaded guilty, he would most likely be deported. *Kishore v. State of Oregon*, 204 Or App 521, 131 P3d 197 (2006). The state argues that, under the Supreme Court's recent decision in *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006), petitioner's trial counsel was not constitutionally inadequate and, as a result, the decision of the post-conviction court should be reversed. Allowing reconsideration, we agree.

In *Gonzalez*, the Supreme Court explained that, although the Oregon Constitution requires a defendant's trial counsel to advise his or her client of the maximum and minimum penalties that the trial court can impose, it does not require counsel to attempt to specify the likelihood that the trial court might impose a particular penalty. *Id.* at 459-60. In this case, it is undisputed that petitioner's trial counsel advised petitioner that it was possible he would be deported if he pleaded guilty. Although counsel did not advise petitioner that such an outcome was highly probable, under *Gonzalez*, counsel was not constitutionally inadequate for failing to do so.

Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; reversed.